# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KELVIN ELLIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-cv-0826-MJR** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

**REAGAN, District Judge:**

On January 21, 2005, Kelvin Ellis was charged in a four-count indictment with obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2) and 1503. ***United States v. Ellis*, Case No. 05-30011-MJR (S.D. Ill.).** On October 12, 2005, Ellis pleaded guilty to three of the counts of the indictment. On July 27, 2006, he was sentenced to 121 months imprisonment, three years supervised release, a fine of $12,500, and a special assessment of $300. Ellis's conviction and sentence were affirmed on direct appeal. ***United States v. Ellis*, Case No. 06-3112, 240 Fed. Appx. 146 (7th Cir. July 2, 2007)**. His application for a writ of certiorari to the Supreme Court of the United States was denied. ***Ellis v. United States*, Case No. 07-454, 128 S. Ct. 549 (Nov. 5, 2007)**.

On November 18, 2008, Ellis moved the Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The action passed threshold review, and the Government was ordered to respond. On July 29, 2009, the Government filed a motion for more definite statement (Doc. 5). Specifically, the Government sought additional information regarding, *inter alia,* (1) Ellis's claim that his counsel failed to interview and present witnesses, who were identified

1

by Ellis, at his expected trial; (2) Ellis's defense of entrapment; and (3) Ellis's claims regarding the witness who was allegedly told that he could take the Fifth Amendment.

On July 29, 2009, the Court ordered Ellis to respond to the motion for a more definite statement by August 21, 2009.  Because Ellis failed to respond, on August 28, 2009, the Court granted the Government's motion and ordered Ellis to provide the specific information requested by September 21, 2009 (Doc. 9).  On September 23, 2009, the Government moved the Court to dismiss the § 2255 petition for failure to comply with the Court's orders (Doc. 10).

On September 23, 2009, the Court ordered Ellis to show cause why this action should not be dismissed for failure to comply with the Court's orders (Doc. 11).  The Court explicitly warned Ellis that it would dismiss the action unless he filed a response to the Government's motion for a more definite statement by October 19, 2009.

On October 13, 2009, Ellis moved for an extension of time to file a response to the Court's order to show cause (Doc. 12).  The Court granted Ellis's motion and extended the time for filing his response to January 14, 2010 (Doc. 13).  Once again, the deadline has passed, and the file shows no action taken by Ellis.

The Court has been patient with Ellis in light of his *pro se* status but cannot allow disregard of its Orders.  Ellis has three times missed his deadline for opposing or responding to the Government's motion.  **FEDERAL RULE OF CIVIL PROCEDURE 41(b)** authorizes a district court to dismiss a case for want of prosecution or for failure to comply with Court orders or rules.  The inherent authority of district courts to dismiss, *sua sponte,* cases for want of prosecution under Rule 41(b) is well established.  ***Moser v. Universal Engineering Corp.*, 11 F.3d 720, 723 (7th Cir. 1993); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1961)**.  This power derives from the need

for courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." ***Moser* at 723, *citing Link*, 370 U.S. at 631);** *see also In re Bluestein & Co.*, **68 F.3d 1022, 1025 (7th Cir. 1995).**

The Court explicitly warned Ellis, "[T]he undersigned District Judge WILL DISMISS this action, without prejudice for failure to comply with the Court's Order, unless Petitioner files a response to the Government's motion for a more definite statement...." (Doc. 11) (emphasis in original). This constitutes the "due warning" required under ***Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)**. Ellis did not heed the Court's warning.

For the foregoing reasons, the Court hereby **DISMISSES** this action for failure to prosecute, pursuant to Rule 41(b). Dismissal shall be *without* prejudice. The Government's motion to dismiss (Doc. 10) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 19th day of January, 2010.**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

3